**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

_____

| | | |
|---|---|---|
| Energizer Brands, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Batteroo, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

_____)

## COMPLAINT

Plaintiff Energizer Brands, LLC ("Energizer"), for its Complaint against Defendant

Batteroo, Inc. ("Batteroo"), hereby states as follows:

### I.  NATURE OF THE ACTION

1.  Energizer owns the extremely well-known, famous, and iconic ENERGIZER®

trademark, which has been used for decades on and in connection with an extremely broad

range of goods including, without limitation, batteries, battery chargers, flashlights, and other

goods and services.

2.  Notwithstanding Energizer's longstanding prior rights in, to and under its

ENERGIZER® family of marks, Batteroo recently adopted, began using, and filed applications

to register with the U.S. Patent & Trademark Office ("USPTO") the names and marks

BATTERISER and BATTERISE in connection with battery-related products.  Batteroo also

registered the domain names BATTERIZER.com, BATTERIZER.net, BATTERISE.com,

BATTERISER.com, and BATTERISER.net, and may have or will register additional domains

presently unknown to Energizer.

3.  Energizer's efforts to get Batteroo to cease its infringing and improper conduct have been unsuccessful.

4.  As a result of Batteroo's continued infringing and diluting conduct, Energizer has no choice but to bring this action at law and in equity for trademark infringement, trademark dilution, and unfair competition in violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. ("Lanham Act"); trademark infringement and unfair competition in violation of Missouri common law; trademark dilution in violation of Mo. Rev. Stat. § 417.061; cybersquatting in violation of the Lanham Act; and false advertising in violation of the Lanham Act.

5.  As a result of Batteroo's tortious conduct, Energizer is entitled to a permanent injunction; damages for past infringement; damages for Batteroo's false advertising; costs of corrective advertising; a permanent injunction against similar false advertising; Batteroo's profits; ownership of domain names incorporating BATTERISER and BATTERISE; costs of this action including attorneys' fees, treble, and/or punitive damages; and any other relief this Court deems just and proper.

## II.  PARTIES, JURISDICTION, AND VENUE

6.  Plaintiff Energizer Brands, LLC is a corporation organized and existing under the laws of Delaware, domiciled in Missouri with its headquarters at 533 Maryville University Drive, St. Louis, Missouri 63141.

7.  On information and belief, Defendant Batteroo, Inc. is a corporation organized under the laws of Delaware, with a mailing address of 310 De Guigne Drive, Sunnyvale, California 94085.

8.  This court has subject-matter jurisdiction pursuant to 15 U.S.C. § 1121 and 1116, and 28 U.S.C. §§ 1331 and 1338.  This Court has subject-matter jurisdiction over Energizer's related state law claims under 28 U.S.C. §§ 1332, 1338 and 1367.

9.   This Court has personal jurisdiction over Batteroo because it has committed tortious acts in this District and has purposefully availed itself of the privilege of doing business in this District.  Batteroo has deliberately engaged in false advertising directed against Energizer, knowing that the advertisements would cause harm to Energizer in Missouri.  In addition, Batteroo purports to sell and/or offer for sale, under the infringing BATTERISER name, battery-related products that are available for purchase by consumers in this District and throughout the State of Missouri.

10.   Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391(b)-(c) because a substantial part of the events or omissions giving rise to Energizer's claims occurred in this judicial district, and/or Batteroo is subject to personal jurisdiction in this judicial district.

### III.  BACKGROUND FACTS

**A.  Energizer Holds Numerous Valid and Famous Marks.**

11.   Since at least as early as 1955, Energizer, through its predecessors in interest and affiliates, has used its family of famous and distinctive ENERGIZER® marks to market a wide range of goods, in particular relating to batteries and battery accessories.  Energizer owns numerous federal trademark registrations for its ENERGIZER® mark as reflected in the following representative registrations ("ENERGIZER® Marks"):

| Mark | Reg. No. | Goods/Services |
|---|---|---|
| ENERGIZER | 1,177,083 | International Class 11: Electric Flashlights. |
| ENERGIZER | 1,502,902 | International Class 9: BATTERIES. |
| ENERGIZER stylized | 3,066,079 | International Class 9: BATTERIES. |
| ENERGIZER and Design | 2,028,373 | International Class 9: BATTERIES. |
| ENERGIZER and Design | 4,654,043 | International Class 9: BATTERIES. |
| ENERGIZER and Design | 4,436,250 | International Class 11: Flashlights. |
| ENERGIZER | 2,500,464 | International Class 11: Flashlights. |
| ENERGIZER | 2,818,767 | International Class 25: Clothing; namely, caps, T- |

| Mark | Reg. No. | Goods/Services |
|------|----------|----------------|
| | | shirts, jackets. |
| ENERGIZER | 2,601,047 | International Class 21: Mugs. |
| ENERGIZER | 2,601,050 | International Class 20: Decorative three-dimensional shapes; namely, key fobs made of plastic, and key chains made of plastic. |
| ENERGIZER | 2,601,052 | International Class 28: Plush toys. |
| ENERGIZER | 3,333,645 | International Class 11: Electric night lights. |
| ENERGIZER | 3,385,243 | International Class 18: Luggage tags. |
| ENERGIZER | 3,431,003 | International Class 14: Lapel pins. |
| ENERGIZER | 4,067,455 | International Class 9: Solar cells, and battery chargers incorporating solar cells and solar panels for the generation of electricity. |
| ENERGIZER | 3,712,830 | International Class 9: Electrical connectors, wires, cables and adaptors for use with portable and handheld digital electronic devices including video gaming devices. |
| ENERGIZER | 3,715,913 | International Class 9: Plug adaptors. |
| ENERGIZER | 3,790,800 | International Class 9: Electric and battery-powered power stations, namely, portable battery jump chargers. |
| ENERGIZER | 3,791,120 | International Class 7: Air compressors. |
| ENERGIZER | 4,187,104 | International Class 25: Clothing, namely, jackets, sweaters, shirts, hats, t-shirts, baseball caps, caps, short sleeved or long sleeved t-shirts, polo shirts; children's clothing, namely, shirts. |
| ENERGIZER | 4,158,144 | International Class 11: Battery operated electric candles; electric candles; flameless candles. |
| ENERGIZER and Design | 3,851,260 | International Class 9: Batteries and battery chargers. |
| ENERGIZER and Design | 3,808,386 | International Class 11: Flashlights; Lanterns. |
| ENERGIZER and Design | 4,313,320 | International Class 9: electric charging cables, power inverters, power supply connectors and adaptors for use with portable electronic devices. |
| ENERGIZER | 3,823,121 | International Class 9: Jumper cables. |
| ENERGIZER | 2,742,019 | International Class 9: Battery chargers, not for use with solar energy cells. |
| ENERGIZER | 3,357,933 | International Class 9: Power supply connectors and adaptors for use with portable electronic devices. |
| ENERGIZER | 4,455,298 | International Class 9: computer cables; audio cables; |

| Mark | Reg. No. | Goods/Services |
|---|---|---|
| | | video cables. |
| ENERGIZER | 4,283,606 | International Class 4: Candles. |
| ENERGIZER | 4,597,544 | International Class 9: Camera flashes; Cameras shutters; Electrical power extension cords; Electronic memory card readers; Flashlamps for cameras; High definition multimedia interface cables; Lens shutters; Lights for use on video cameras; Shutters. |
| ENERGIZER and Design | 4,400,794 | International Class 35: Providing consumer information in the field of batteries and battery chargers, household lights and portable lights, shaving preparations, razors and razor blades, infant feeding products, diaper and sanitary waste disposal systems, tampons, medicated sunburn ointments, sun protection preparations, and medicated hand washes. |
| ENERGIZER | 4,365,713 | International Class 9: Display protectors for providing a scratch resistant barrier or protection for electronic devices having screens, namely, smart telephones, computer tablets, portable computers, and electronic book readers. |
| ENERGIZER and Design | 4,280,047 | International Class 9: Batteries and battery chargers. |
| ENERGIZER | 4,629,189 | International Class 7: Electric generators. |
| ENERGIZER ECOADVANCED | 4,716,954 | International Class 9: Batteries. |
| ENERGIZER INDUSTRIAL | 2,784,348 | International Class 9: Batteries. |
| ENERGIZER INDUSTRIAL | 2,806,747 | International Class 11: Flashlights. |
| ENERGIZER RECHARGE | 3,829,054 | International Class 9: Batteries and battery chargers. |
| ENERGIZER BUNNY | 2,786,582 | International Class 25: Clothing, namely, caps, t-shirts, jackets, sweatshirts. |
| ENERGIZER INTRINSICALLY SAFE | 3,696,909 | International Class 11: Flashlights. |
| ENERGIZER POWER & PLAY | 3,716,618 | International Class 9: Batteries; Battery chargers; Electric charging cables. |
| ENERGIZER HARD CASE PROFESSIONAL | 3,277,855 | International Class 11: Flashlights. |
| ENERGIZER RECHARGE VALUE | 3,929,642 | International Class 9: Batteries; Battery chargers. |
| ENERGIZER RECHARGE UNIVERSAL | 3,891,281 | International Class 9: Batteries; Battery chargers. |

| Mark | Reg. No. | Goods/Services |
|------|----------|----------------|
| ENERGIZER BRILLIANT BEAM | 2,885,190 | International Class 11: Flashlights. |

12.  Each of the registrations noted above was issued on the Principal Register and is presently in full force and effect.  Many of them have become incontestable pursuant to 15 U.S.C. § 1065.

13.  The ENERGIZER® Marks are valid, distinctive and famous, and were valid, distinctive and famous long before Batteroo adopted the BATTERISER and/or BATTERISE names.

14.  Energizer has devoted enormous resources to the marketing, advertising, and promotion of its ENERGIZER Marks.  Energizer has spent more than $300 million promoting the ENERGIZER® Marks and the products sold thereunder in the United States over the last five years alone.  This investment has resulted in over $4.3 billion in sales of ENERGIZER® batteries and flashlights over the last five years, which includes more than 4 billion units of batteries bearing the ENERGIZER® Marks and nearly 25 million units of flashlights bearing the ENERGIZER® Marks.

15.  As a result of Energizer's long and continuous use of the ENERGIZER® Marks on and in connection with its products and services, and as a consequence of Energizer's extensive advertising, promotion, distribution, and sale of such products under its ENERGIZER® Marks, the consuming public and the trade have come to recognize, and do recognize, Energizer as the source of origin of such products.  Further, the consuming public and the trade strongly recognize the ENERGIZER® Marks as being used by Energizer or by a single source, and associate and identify the goods and services offered and sold under the ENERGIZER® Marks

with Energizer or with a single source.  Energizer derives invaluable goodwill from this recognition, association, and identification by the consuming public and the trade.

16.  The ENERGIZER® Marks have been recognized among the country's top brands in *America's Greatest Brands*, Volume 1 (2001), and unsolicited media coverage has referred to the "well known Energizer brand" (*Indianapolis Star*, January 5, 2005), "such household names as . . . Energizer" (*Crain's Detroit Business*, July 27, 2009), "well-known taglines, like . . . Energizer's 'Keep Going'" (*Houston Chronicle*, July 18, 2010), and "Energizer, famous for its unstoppable bunny" (*St. Louis Post-Dispatch*, July 14, 2007).

17.  Because of the high degree of inherent and acquired distinctiveness of the ENERGIZER® Marks, the length of time and extent to which Energizer has used the ENERGIZER® Marks, the extensive advertising and publicity associated with the ENERGIZER® Marks, the substantial trading area in which the ENERGIZER® Marks have been and are used, and the high degree of consumer recognition of the ENERGIZER® Marks, the designation ENERGIZER® is a well-known and famous trademark widely recognized by the general consuming public of the United States as a designation of source of Energizer's goods and services and deserving of a broad scope of legal protection prior to any actual or constructive priority Batteroo may claim.

**B.  Batteroo.**

18.  Batteroo is a start-up company that purports to have created a thin metal sleeve that fits onto a disposable battery to extend the life of the battery.  In early 2015, no doubt intending to capitalize on the distinctive and famous ENERGIZER® Marks, Batteroo decided to call its product BATTERISER and/or BATTERISE.

19.  Batteroo's website at BATTERISER.com purports to sell and/or offer for sale, these battery-related products under the infringing BATTERISER name, via "pre-order."  On

information and belief, however, despite advertisements, solicitation, and pre-orders, Batteroo has not delivered a single BATTERISER product to a consumer in the ordinary course of business.

20.   According to the BATTERISER.com website, the BATTERISER product is designed to be placed around disposable batteries during use.  Consequently, the BATTERISER product is marketed directly to consumers of ENERGIZER® batteries, and is intended to be physically attached to ENERGIZER® or other disposable batteries in the course of its use.  In addition, on information and belief, the product is likely intended to be distributed through the same channels of trade as Energizer's disposable batteries.

21.   BATTERISER and BATTERISE are similar in appearance, sound, and commercial impression to the ENERGIZER® Marks.

22.   A true and accurate screen capture of a portion of the BATTERISER.com website is copied below, and shows Batteroo's use of BATTERISER.



23.   Batteroo's product design, as depicted in in the pictures above and below, includes the name "BATTERISER" cut into the product.  As depicted in BATTERISER test video

posted on Batteriser.com, Plaintiff's ENERGIZER® Mark is clearly visible directly adjacent to BATTERISER while Batteroo's product is depicted to be in use:



**C. Energizer's Opposition to Batteroo's Trademark Applications.**

24.  On March 20, 2015, Batteroo filed intent-to-use federal trademark applications for BATTERISER and BATTERISE (U.S. Trademark Application Serial Nos. 86/571,275 and 86/571,464 respectively) for "sleeve[s] to be used with disposable batteries to extract stored energy and extend battery life."  The applications were published for opposition.

25.  Energizer, upon becoming aware of Batteroo and its trademark applications, sent Batteroo a letter dated October 12, 2015 demanding that it abandon its applications, and cease use of the confusingly similar BATTERISER and BATTERISE names.  Batteroo responded on October 23, 2015, refusing to abandon the applications or cease use of the names.

26.  In light of Batteroo's refusal, Energizer opposed the applications to prevent registration and discourage use of BATTERISER and BATTERISE before Batteroo fully committed to marks confusingly similar to the ENERGIZER® Marks (the "Opposition").  On December 12, 2015, Energizer timely filed its Notice of Opposition based on (1) the likelihood

of confusion with the ENERGIZER® family of marks, (2) the likelihood of dilution of the ENERGIZER® family of marks, (3) the descriptiveness of the BATTERISER and BATTERISE marks, and (4) the misdescriptiveness of the BATTERISER and BATTERISE marks.  A copy of the Notice of Opposition is attached as Exhibit A.

27.  As part of the initial discovery conference discussions, Batteroo stipulated to the fame of ENERGIZER®.  February 3, 2016 Joint Stipulation at 3, attached as Exhibit B.

28.  After exchanging initial disclosures, Energizer and Batteroo engaged in negotiations to resolve the Opposition.  During negotiations, Energizer, in a good faith effort to resolve the dispute, offered first a 90 day, then a 6 month "phase-out" period for use of the BATTERISER and BATTERISE marks, during which Batteroo could have sold through existing products.  Eventually the negotiations reached an impasse, though Batteroo had agreed in principle to the 6 month phase-out provision, prior to the breakdown of negotiations on other terms.

29.  Apparently concerned about its ability to prevail on the merits of the Opposition, Batteroo unilaterally expressly abandoned its applications on May 21, 2016, in an effort to terminate the Opposition without Energizer's consent.

30.  Energizer moved for a judgment on the merits of the Opposition proceedings after Batteroo's unilateral abandonment, pursuant to 37 CFR § 2.135.  On June 27, 2016 the TTAB entered judgment in favor of Energizer, sustained the Opposition, and refused registration of the BATTERISER and BATTERISE marks.  A copy is attached as Exhibit C.

**D.  Batteroo's Use Of BATTERISER And BATTERISE In Commerce.**

31.  Sometime between filing its intent-to-use trademark applications in March 2015 and the filing of Energizer's Notice of Opposition in October 2015, Batteroo began using the BATTERISER names in commerce to identify and market its purported battery sleeve.

32.  Batteroo's products are intended to be used in conjunction with disposable batteries of the type Energizer sells under the ENERGIZER® Marks.  As such, Batteroo has marketed and will continue to market its products to the same consumers as Energizer, through the same channels of trade, and in close proximity to Energizer's products.  To date however, on information and belief, no BATTERISER product has been released, and no BATTERISER products have been shipped.

33.  To fund its development, Batteroo sought seed money through a crowdfunding site, Indiegogo.com.  As a "perk" of contributing, donors were promised BATTERISER products.  The Indiegogo site claims to have raised more than $300,000 from what amount to "pre-orders."  *See* https://www.indiegogo.com/projects/batteriser-extend-battery-life-by-up-to-8x.

34.  At some point, the Indiegogo site stopped accepting "pre-orders."  In the absence of an actual product, Batteroo continued to offer "pre-orders" of its BATTERISER branded products through its BATTERISER.com website.

35.  On information and belief, Batteroo or its agents registered and use a number of domain names that are confusingly similar to the ENERGIZER® Marks in bad faith to facilitate Batteroo's "pre-order" business and/or to otherwise profit from such registration and use.  Specifically, Batteroo registered, at least, BATTERIZER.com, BATTERIZER.net, BATTERISE.com, BATTERISER.com, and BATTERISER.net (collectively "Infringing Domains").  A capture of the BATTERISER.com website with a "pre-orders" tab is attached as Exhibit D.  Other than BATTERISER.com, each of the Infringing Domains is either parked (displaying revenue-generating sponsored links) or re-directs the user to the BATTERISER.com website.

36.  As of the filing of this Complaint, Batteroo continues to use the Infringing Domains, despite expressly abandoning the trademark applications for BATTERISER and BATTERISE in the face of Energizer's Opposition.

37.  Batteroo's commercial use of the infringing names BATTERISER and/or BATTERISE has been and continues to be without authorization or permission from Energizer.

38.  On information and belief, Batteroo knowingly, willfully, intentionally, and maliciously made and continues to make prominent use of the infringing names BATTERISER and/or BATTERISE to exploit the famous ENERGIZER® Marks, the commercial magnetism of Energizer's ENERGIZER® Marks, and to falsely suggest that Batteroo's products or services are made, sponsored, or endorsed by Energizer, or otherwise affiliated or associated with the ENERGIZER® Marks.

39.  Batteroo's ongoing use of the infringing names BATTERISER and/or BATTERISE, and their similarity to the ENERGIZER® Marks, creates a likelihood of confusion, mistake, or deception with respect to the source or origin of Batteroo's goods.

40.  Consumers are likely to erroneously believe that Batteroo's goods are produced by, sponsored by, or otherwise associated with Energizer.

41.  Energizer has suffered injury as a result of Batteroo's ongoing infringement.

**E.  Batteroo's False Statements Regarding BATTERISER Product Delays and Energizer.**

42.  Batteroo's product release has been plagued with delays.  Batteroo's first offer, through the crowdfunding site Indegogo.com, was in the summer of 2015.  At that time, Batteroo claimed it would ship the product to supporters in the fall of 2015.  Since that time, Batteroo has repeatedly pushed back the release of the BATTERISER product.  On information and belief, many of Batteroo's customers have already paid the full purchase price for the

product.  On information and belief, as of this filing, more than six months after the initial planned release, the products have not been shipped.

43.  Indeed, during the Parties' initial scheduling and discovery conference in the Opposition proceeding, Energizer requested a sample of Batteroo's product for testing. February 3, 2016 Joint Stipulation at 3, attached as Exhibit B.  Batteroo agreed to provide a sample of the product after it was shipped to consumers.  *Id.*  At the time, Batteroo anticipated that would be in March 2016.  *Id.*  As of May 21, 2016, the date Batteroo abandoned its trademark applications for BATTERISER and BATTERISE, Batteroo had not provided a sample of the product to Energizer nor, on information and belief, shipped any product to consumers.

44.  Indeed, on May 2, 2016, only 19 days before Batteroo's abandonment of the BATTERISER and BATTERISE marks, Batteroo posted a response on Facebook to a consumer inquiry about availability acknowledging its ongoing delays:

> As soon as we have a date, you'll have it. Unfortunately, the best we on the Facebook page can say is that the current 'soon' is much, much closer than the 'soon' of the past.  Previously, dates were given, and they weren't met. We don't want that to happen again. Ever. The next time you have a date from the Batteriser team, it will be official and definitive: no ambiguity, no surprises, no delays. In this home stretch, we ask for your patience and understanding, while extending the guarantee that the product will be everything we promised.

A capture of this post is attached as Exhibit E.  The post makes no mention of Energizer or the Opposition proceeding, but demonstrates that the product is not yet ready for distribution.

45.  On information and belief, some of Batteroo's customers have already begun seeking refunds.

46.  On information and belief, Batteroo still did not have a viable production run of its product prior to or during the Opposition proceeding.  Batteroo recently sent an email message

to customers, notifying them that Batteroo would be changing the name of the BATTERISER product as a result of the Opposition filed by Energizer.  In the message, Batteroo attempted to use Energizer's Opposition as an excuse for further delays, falsely implying that Energizer was responsible for Batteroo's product delays.  The message also falsely implies that Energizer prohibited distribution of already manufactured goods.

47.  Specifically, as shown in Exhibit F, Batteroo published an email including the following statement:

> We are working to expedite the negotiation process with Energizer so that we may continue with the more important work of shipping our orders to all of our customers. At this point, we already have the Batteriser name and logo design on all of our packaging, cases, wrappers, and brochures as well as the Batteriser product itself. As a result, we will now have to redesign and retool all of these items with our new product name and logo.   We are working on minimizing the effect this change has on our shipping schedule. As mentioned in our last communication, our CEO Bob Roohparvar is currently in East Asia working to resolve these issues as quickly as possible.

48.  Energizer became aware of this message because it caused actual deception.

Energizer received an email from an apparent customer forwarding the message and stating:

> If [Batteroo's message] is indeed true, and I have no reason to think it is not, I really don't want to buy your products until you make amends, drop the suit, and pay "the Batteriser" producers for their costs associated with this suit. You should be ashamed of your Lawyers and their actions. There is no infringement on your name whatsoever. You have caused a delay in receiving my Batteriser products.

*See Id.*

49.  At the time that Batteroo's message was published, Batteroo and Energizer were in negotiations to resolve the Opposition proceeding.  Energizer had offered a "phase-out" period to Batteroo and never sought to prevent Batteroo from "selling through" product existing at the time of settlement during the "phase-out" period.

50.  Moreover, Energizer's Opposition was not a recent development.  The Opposition was filed nearly six months before Batteroo's false and misleading statements made in Exhibit F.  Any resulting name change and associated delays could have been addressed far sooner by Batteroo, but it chose not to act.  Batteroo, not Energizer nor its Opposition, is solely responsible for Batteroo's failure to ship a BATTERISER product in a timely manner.

### Count I
### (Infringement Under 15 U.S.C. §1114 (a))

51.  Energizer repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

52.  Energizer is the owner of all right, title, and interest in, to and under its ENERGIZER® Marks, and all goodwill appurtenant thereto.

53.  Batteroo's unauthorized use in commerce of the ENERGIZER® Marks and/or confusingly similar variations thereof, including without limitation BATTERISER and BATTERISE, has caused and is likely to continue to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin or sponsorship of Batteroo's products. The trade and consuming public are likely to believe that Batteroo's products originate from Energizer, are from the same source as products bearing Plaintiff's ENERGIZER® Marks, and/or that there is some connection between the makers of ENERGIZER® products, on the one hand, and Batteroo or its products, on the other, when such is not the case.

54.  By its unauthorized commercial use of the BATTERISER and BATTERISE names in connection with products that are closely related to those for which Energizer owns valid and incontestable federal registrations for the ENERGIZER® Marks, Batteroo has infringed, and is infringing, the federally registered ENERGIZER® Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

55.  As a direct and proximate result of Batteroo's unlawful conduct, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.

56.  Batteroo has acted in bad faith, willfully, intentionally, and with reckless disregard for Energizer's rights.

57.  Batteroo's conduct is causing, and is likely to continue to cause, injury to the public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's actual damages and/or an award of Batteroo's profits, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.  Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

## Count II
### (Federal Unfair Competition, False Representation, and False Designation of Origin Under 15 U.S.C. 1125(a))

58.  Energizer repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

59.  Batteroo's unauthorized use of BATTERISER and BATTERISE is causing confusion, and/or is likely to continue to cause confusion, cause mistake, or to deceive the public as to the origin, source, sponsorship, approval or affiliation of Batteroo's products.  Such conduct constitutes a false designation of origin, and a false description and false representation of fact, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60.  As a direct and proximate result of Batteroo's unlawful conduct, as alleged herein, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.

61.  Batteroo's conduct is causing, and is likely to continue to cause, injury to the public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's actual damages and/or an award of Batteroo's profits, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.  Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

## Count III
### (Dilution Under 15 U.S.C. 1125(c))

62.  Energizer repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

63.  The ENERGIZER® Marks are famous trademarks under 15 U.S.C. § 1125(c)(2)(A), in that they are widely recognized by the general consuming public of the United States as a designation of the source of Energizer's goods and services.  Indeed, Batteroo stipulated before the Trademark Trial and Appeal Board that ENERGIZER® is famous under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(2)(A).

64.  The ENERGIZER® Marks became famous long before Batteroo commenced its unlawful use of BATTERISER and BATTERISE.

65.  Batteroo's use of BATTERISER and BATTERISE is likely to dilute the famous ENERGIZER® Marks, in violation of Section  43(c) of the Lanham Act, 15 U.S.C. § 1125(c), by lessening the distinctiveness of the ENERGIZER® Marks through the association arising from the similarity of the respective marks.

66.  Batteroo's unauthorized use of BATTERISER and BATTERISE is intended and has the effect of trading on Energizer's reputation and causing dilution of the famous ENERGIZER® Marks.

67.  Batteroo's illegal conduct has injured and will continue to injure Energizer in that Energizer has suffered and will continue to suffer damages to its reputation and customer goodwill as a direct and proximate result of Batteroo's illegal conduct, unless such unlawful conduct is enjoined by this Court.  In addition, Batteroo has been unjustly enriched by reason of its acts of trademark dilution in that it has obtained the opportunity to earn future sales and profits, as a direct and proximate result of its illegal conduct.

68.  Energizer is entitled to recover all damages sustained by Batteroo's actions, all profits realized by Batteroo through its unlawful use of BATTERISER and BATTERISE, and the costs of this action.

69.  Batteroo's actions have been willful and deliberate, entitling Energizer to recover treble damages and/or profits and an award of reasonable attorneys' fees against Batteroo.

<u>**Count IV**</u>
**(Cybersquatting under 15 U.S.C. §1125(d))**

70.  Energizer repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

71.  In addition to infringing the ENERGIZER® Marks through the sale and/or offer for sale of its BATTERISER product, Batteroo also registered domain names in violation of 15 U.S.C. § 1125(d).

72.  On information and belief, Batteroo or its agents registered and/or uses at least: BATTERIZER.com, BATTERIZER.net, BATTERISE.com, BATTERISER.com, and BATTERISER.net.

73.  Each of these Infringing Domains is confusingly similar to or dilutive of the ENERGIZER® Marks.

74.  Batteroo acted with the bad faith intent to profit from the unauthorized use of the ENERGIZER® Marks and the goodwill associated therewith by registering and using domain names that it knew to be confusingly similar to or dilutive of the ENERGIZER® Marks, in order to confuse and divert web users looking for Energizer to Batteroo's own revenue-generating websites.

75.  Batteroo has manifested its bad faith in two additional ways:  First, on information and belief, Batteroo registered at least two domain names for its claimed mark spelled with a "Z," BATTERIZER, in an effort to move even closer to Energizer's already famous mark. Those domain names are now parked at pages displaying revenue-generating sponsored links, further refuting any good faith use of domain names incorporating BATTERIZER.  Second, Batteroo remains in possession and control of the Infringing Domains, despite expressly abandoning the BATTERISER and BATTERISE applications, and representing that Batteroo would be changing the product name.  Failure to surrender the Infringing Domains in a reasonable amount of time after abandonment demonstrates Batteroo's intent to continue to trade off the name and good will of Energizer.

76.  As a result of Batteroo's cybersquatting, Energizer is entitled to possession of the Infringing Domains; actual damages in an amount to be determined at trial, or alternatively, statutory damages of not less than $1,000 and not more than $100,000 per domain name, as the court considers just; and attorneys' fees as a result of Batteroo's bad faith.

**Count V**
**(False Advertising Under 15 U.S.C. 1125(a))**

77.  Energizer repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

78.  In an effort to promote its BATTERISER product, Batteroo published and distributed a message to consumers implying that Energizer was responsible, through its Opposition to the BATTERISER and BATTERISE applications, for the delay in shipment of the BATTERISER product.

79.  Energizer's Opposition, however, sought only denial of Batteroo's trademark applications and could not have resulted in an injunction against sales of BATTERISER products.

80.  Moreover, in the context of the parties' settlement negotiations, and in order to achieve a prompt and amicable resolution of the dispute, Energizer indicated its willingness, at that time and under those circumstances, to allow Batteroo a "phase-out" period during which it could have shipped any existing product.  On information and belief, Batteroo did not have product ready for shipment and willfully mislead consumers into believing that Energizer was responsible for Batteroo's delay.

81.  Batteroo's message contained a willfully false or misleading description of fact and/or a false or misleading representation of fact that was and is likely to cause confusion, to cause mistake, or to deceive as to commercial activities by Energizer and/or Batteroo.

82.  Batteroo's message also constitutes commercial advertising or promotion and willfully misrepresents the nature, characteristics, or qualities of Batteroo's and/or Energizer's commercial activities.

83.  Batteroo's false or misleading advertising resulted in actual confusion, as demonstrated by an apparent consumer who emailed Energizer stating that he would no longer purchase ENERGIZER® products because Energizer "caused a delay in receiving [his] Batteriser products."  Exhibit F.

84.  Batteroo's false and misleading advertising has caused and will continue to cause irreparable harm to Energizer and its goodwill.  Unless Batteroo is enjoined from continuing the aforementioned unlawful acts, Energizer will continue to suffer irreparable harm.

85.  As a result of Batteroo's false advertising, Energizer has suffered damages in an amount to be determined at trial.

86.  Energizer is entitled to a permanent injunction prohibiting similar false advertisements, an award of actual damages in an amount to be determined at trial, a disgorgement of Batteroo's profits, and the costs of this action.

87.  Batteroo's willful false advertising further justifies an award of attorneys' fees.

88.  Batteroo should also be held liable for the costs, if any, of corrective advertising.

## Count VI
### (Trademark Dilution under Mo. Rev. Stat. § 417.061)

89.  Energizer repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

90.  Batteroo's use of BATTERISER and BATTERISE constitutes likely trademark dilution in violation of Mo. Rev. Stat. § 417.061.

91.  ENERGIZER® is a strong and distinctive mark in use since at least 1955 and that has achieved widespread public recognition.

92.  By virtue of long and continuous use in commerce, including within the State of Missouri, ENERGIZER® has become and continues to be famous and was famous before Batteroo's use of BATTERISER and/or BATTERISE.

93.  Batteroo's use of BATTERISER and/or BATTERISE is likely to dilute the distinctive quality of ENERGIZER®, lessens the capacity of ENERGIZER® to identify and

distinguish Energizer's products, and causes a likelihood of harm to Energizer's business reputation.

94.  On information and belief, Batteroo's use of BATTERISER and/or BATTERISE has resulted in profits to which Batteroo is not entitled.

95.  As a direct and proximate result of Batteroo's unlawful conduct, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.

96.  Batteroo's use of BATTERISER and/or BATTERISE is causing, and is likely to continue to cause, irreparable injury to the public and to Energizer, and Energizer is entitled to injunctive relief because Energizer has no adequate remedy at law.

### Count VII
### (Trademark Infringement and Unfair Competition under Missouri Common Law)

97.  Energizer repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

98.  Energizer owns all right, title, and interest in and to the ENERGIZER® Marks, including all common-law rights therein.

99.  Batteroo's use of BATTERISER and BATTERISE is causing and is likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Batteroo's products originate from, or are affiliated with, sponsored by, or endorsed by Energizer.

100.  Batteroo's use of BATTERISER and BATTERISE constitutes trademark infringement and unfair competition, in violation of Missouri common law.

101.  As a direct and proximate result of use of Batteroo's use of BATTERISER and BATTERISE, Energizer has suffered, and will continue to suffer, irreparable damage to its business, reputation, and customer goodwill.

102.  Batteroo's use of BATTERISER and BATTERISE is causing, and is likely to continue to cause, injury to the public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's actual damages and/or an award of Batteroo's profits, costs, and reasonable attorneys' fees.

103.  Batteroo's use of BATTERISER and BATTERISE was willful and deliberate or recklessly indifferent to the rights of Energizer, warranting the assessment of punitive damages.

WHEREFORE, Energizer seeks the following relief:

A.  Actual damages in an amount to be determined at trial;

B.  Batteroo's profits in an amount to be proven at trial;

C.  The cost of corrective advertising, in an amount to be proven at trial;

D.  A permanent injunction prohibiting Batteroo, and its agents, servants, employees, attorneys and all other persons in active concert or participation with Batteroo, any and all further use of BATTERISER and BATTEROO, and any other colorable imitation of the ENERGIZER® Marks;

E.  An Order requiring Batteroo to destroy all materials bearing the infringing BATTERISER or BATTERISE marks, or any other colorable imitation of the ENERGIZER® Marks;

F.  A permanent injunction prohibiting Batteroo, and its agents, servants, employees, attorneys and all other persons in active concert or participation with Batteroo, any

and all further false or misleading claims that Energizer is responsible for Batteroo's

inability to bring a product to market;

G. Ownership of any and all domain names containing BATTERIZER, BATTERISER,

BATTERISE, or any other colorable imitation of the ENERGIZER® Marks,

including at least BATTERIZER.com, BATTERIZER.net, BATTERISE.com,

BATTERISER.com, and BATTERISER.net;

H. An award of treble, exemplary and/or punitive damages;

I. An award of the costs of this action, including reasonable attorneys' fees;

J. Prejudgment interest; and

K. Any other relief this court deems just and proper.

Dated: July 28, 2015

Respectfully submitted,

By: /s/ Matthew G. Minder
   Herbert R. Giorgio Jr., Missouri Bar #58524
   Matthew G. Minder, Missouri Bar #61686
   Bryan Cave LLP
   One Metropolitan Square
   211 North Broadway, Suite 3600
   St. Louis, MO 63102-2750
   (314) 259-2417 (telephone)
   (314) 552-8417 (facsimile)
   herb.giorgio@bryancave.com
   matt.minder@bryancave.com

   John Gary Maynard, III (pro hac vice pending)
   Matthew Nigriny (pro hac vice pending)
   Hunton & Williams LLP
   951 East Byrd Street
   Riverfront Plaza, East Tower
   Richmond, VA  23219-4074
   Telephone (804)788-8200
   jgmaynard@hunton.com
   mnigriny@hunton.com

Joshua M. Kalb (pro hac vice pending)
Hunton & Williams, LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 4100
Atlanta, Georgia 30137
Telephone (404)888-4225
jkalb@hunton.com

*Attorneys for Energizer Brands, LLC*